## Hargrave Service System v. Glouner.

*Charles W. Eaby,* for rule; *George Ross Eshleman,* contra.

LANDIS, P. J., March 24, 1928.—On Aug. 10, 1926, an appeal was entered in this court from the judgment of an alderman of Lancaster City, given in favor of the plaintiff. Nothing more was done in the case until Jan. 6, 1928, when the plaintiff filed its statement of claim, and this statement was served on the defendant's attorney on the same day. Thereupon, on Jan. 14, 1928, the defendant presented his petition to this court, in which he set forth, under oath, that the plaintiff was a non-resident and that he had a full, complete and just defense to the whole of the plaintiff's claim. Upon the same, he obtained this rule.

Section 1 of Rule XIII of the Court of Common Pleas, page 15, provides that "In cases where the plaintiff resides out of the State in *qui tam* actions, or where the plaintiff after suit brought has been discharged under the insolvent or bankrupt laws, the defendant, on motion and affidavit of a just defense against the whole demand, may have a rule that the plaintiff give security for costs, returnable on a day certain to be fixed by the Court. Upon the rule being made absolute, the Court may direct security to be entered, and, upon a failure of the plaintiff so to do, may direct the entry of a judgment of nonsuit."

The attorney for the plaintiff contends that, as under the Practice Act of May 14, 1915, P. L. 483, the defendant was bound to file an affidavit of defense within fifteen days, he must set forth the nature and character of his defense before a rule of this character can be enforced. Certainly, there is no such requirement in the rule of court. It is there stated that, if he asserts under

affidavit that he has a full defense to the whole of the plaintiffs' claim, he is entitled, as against a non-resident, to security for costs. I do not think the Practice Act is involved in this proceeding, for if it is, the right way to raise the question is to ask for judgment notwithstanding the petition and rule. If the court has a right to make such a rule, it must be sustained as it is written, and if no such right exists, then the plaintiff is entitled to judgment notwithstanding it. It is a very old rule, enforced, I believe, in all the courts, and long antedates the Practice Act. I do not think it was the intention of the act to interfere with its enforcement.

I am of the opinion that the rule should be made absolute and that the plaintiff should be ordered to enter security for costs in the sum of $50 within twenty days of the filing of this opinion, and this order is accordingly now made. Rule made absolute.